cause of action for specific performance.  Consequently there is no reason whatever why the reference should be postponed until the termination of the action for damages.  Suppose plaintiff recovers judgment upon a different cause of action.  How will that help him in this matter?  An amended pleading supersedes the original pleading, and the action is thereafter to be treated as though the original pleading had never been served.  Lewis v. Pollack, 85 App. Div. 577, 83 N. Y. Supp. 287.

Plaintiff cites cases holding that a final judgment must be entered. But the plaintiff has rendered that impossible by withdrawing, abandoning, or discontinuing the cause of action by procuring an order for leave to amend.  Besides, it appears that, in the action to foreclose the second mortgage, the plaintiff set up as a defense substantially the allegations contained in. the complaint in this action (Weimert's affidavit), and, Justice Pound having decided against this plaintiff "in an action involving the same issues," Justice Wheeler dissolved the injunction.  This decision and judgment of Pound, J., appears to be sufficient as a determination that plaintiff was not entitled to the injunction, since the issues were identical, and no final judgment can be rendered upon the equitable cause of action because of its discontinuance.

If entry of final judgment upon the cause of action set forth in the complaint at the time the injunction was procured is absolutely essential, then the defendant has no remedy, since the plaintiff withdrew the cause of action.  In this case it must be held as against the plaintiff that all questions entitling the defendant to a reference have been determined.

Motion granted, and an order to that effect may be prepared.

---

(80 Misc. Rep. 557.)

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. STATE BOARD OF TAX COM'RS (CITY OF NEW YORK, Intervener).

(Supreme Court, Special Term, Albany County.  May, 1913.)

STIPULATIONS (§ 14*)—EFFECT—COSTS.

  Where, in proceedings against the state board of tax commissioners to review assessments, it was stipulated that the successful party should be entitled to tax as costs the stenographer's fees, a motion by the city of New York, as intervener, and which was awarded costs in the final order for a retaxation of costs for copies of the stenographer's minutes furnished to counsel for intervener and to the Attorney General, should be granted.

  [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Action by the People, on the relation of the New York Central & Hudson River Railroad Company, against the State Board of Tax Commissioners, in which the city of New York intervenes.  On motion by intervener for retaxation of costs.  Granted.

See, also, 124 N. Y. Supp. 276.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Archibald R. Watson, Corp. Counsel, and Addison B. Scoville, both of New York City, for the motion.

Visscher, Whalen & Austin, of Albany, opposed.

CHESTER, J. The motions are made by the city of New York, the intervener herein, to retax its bill of costs in each of these four proceedings, so as to include in each of them an item for stenographer's fees which was refused taxation by the county clerk. Under the final order, the city of New York, the intervener, has been awarded costs against the relator. The relator has already paid the stenographer's fees for a copy of the minutes furnished the referee, and these motions involve simply the question as to whether it is also bound to pay for one copy of the minutes furnished to the counsel of the intervener and for another copy furnished to the Attorney General.

These stenographer's fees are clearly not taxable, except in pursuance of a stipulation having the force and effect of a contract between parties. With respect to the proceedings to review the assessments for each of the years 1907 and 1908, it appears very clear that a binding and effective stipulation was made and entered in the minutes. That stipulation is as follows:

"It is stipulated that the referee be authorized to employ a stenographer in this proceeding, who shall charge the usual rates for taking and transcribing said testimony and furnish one copy for the referee, one to the relator, one to the Attorney General, and one to the corporation counsel's office, and that the fees of the stenographer shall be taxed as a disbursement by the successful party herein."

The intervener having paid the fees of the stenographer for the copy furnished to the Attorney General and the copy furnished to the corporation counsel, it appears to me clear that pursuant to this stipulation and under section 47 of the Tax Law (Consol. Laws 1909, c. 60), which provided that the "necessary and proper expenses and disbursements" may be included in the costs, the intervener is entitled to have these stenographer's fees taxed and included in its costs.

With respect to the proceedings for the years 1905 and 1906, the stipulation is not quite so clear. The following appears in the minutes:

"Mr. Lyman: I suppose we can stipulate that the referee be authorized to employ a stenographer, who shall charge the usual rates for transcribing the minutes and furnishing one copy for the referee, and one to each of the parties represented.

"Mr. Burke: I wish to have one copy furnished to Mr. Cohalan, and also one copy to Mr. Coleman, of the corporation counsel's office.

"Mr. Lyman: Then you want two copies.

"Mr. Burke: Yes.

"Mr. Lyman: States that they will desire two copies, and the relator will take one and the referee one, and the fees of the stenographer to be taxed as a disbursement by the successful party."

But even in the stipulation last above quoted it appears that two copies, one for the counsel of the state, and one for the counsel of the city, were in the contemplation of the parties. The proceeding for the

four years having been carried along together, and the quoted stipulation for the years 1905 and 1906 having been followed by the stipulation above quoted for the years 1907 and 1908, it is evident that the parties intended to provide for all four years on practically the same basis, and that these stipulations were effective as agreements that the successful party should be entitled to the taxation in its costs, if it became entitled to costs, of the fees for the stenographer's minutes furnished to the counsel for the opposite party or parties.

I think the items involved should be retaxed and included in the bills, with $10 costs of one motion to the city of New York.

Motion granted.